NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jefferson Daniel Romero Guaman,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

Civil Action No. 26-cv-04624

ORDER

May 22, 2026

THIS MATTER comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Jefferson Daniel Romero Guaman ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

WHEREAS, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to an erroneous classification as an "alien seeking admission" under 8 U.S.C. § 1225(b), thereby depriving him of any opportunity for a custody redetermination (ECF No. 1 ¶ 3–5); and

WHEREAS, Petitioner is a native and citizen of Ecuador who entered the United States without inspection approximately two years ago and has since resided in New Jersey with his partner and their United States citizen child (id. ¶¶ 14, 40); and

WHEREAS, Petitioner represents that he has established community ties in New Jersey, maintains employment in the construction industry, and has no criminal history (id. ¶ 44); and

WHEREAS, on or about April 26, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") after being stopped while traveling with his partner and infant

child, and was thereafter taken into custody at the Delaney Hall Detention Facility in Newark, New Jersey, where he remains detained (*id.* ¶¶ 14, 41); and

**WHEREAS,** Petitioner is presently in removal proceedings and has filed applications for asylum, withholding of removal, and protection under the Convention Against Torture, with a hearing scheduled before the Immigration Court (*id.* ¶¶ 42, 44); and

**WHEREAS,** Petitioner asserts that individuals who have entered and resided in the United States, such as himself, are subject to detention under 8 U.S.C. § 1226(a), which permits release on bond or other conditions (*id.* ¶¶ 4–5); and

**WHEREAS,** Petitioner further asserts that he poses neither a danger to the community nor a risk of flight, and that his continued detention will result in prolonged separation from his family and community absent relief from this Court (*id.* ¶¶ 44, 46); and

**WHEREAS,** Respondents filed a Response to the Petition on May 5, 2026, which acknowledges that their position mirrors arguments previously rejected by numerous courts in this District addressing § 1225(b)(2) detention[1] (ECF No. 6); and

**WHEREAS,** the Court has reviewed the Petition (ECF No. 1), Respondents' Response (ECF No. 6), and the Reply (ECF No. 7), and resolves the Petition on the papers submitted; and

**WHEREAS,** it appears to the Court, at a minimum, that Petitioner is being unlawfully

---

[1] *See, e.g., Marca Lemu v. Soto*, No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 &

3

n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

IT IS, on this 22nd day of May 2026,

ORDERED that Petitioner's § 2241 Petition (ECF No. 1) is GRANTED; and it is further

ORDERED that Respondents shall RELEASE Petitioner WITHIN 24 HOURS of this Order, under the same conditions that existed prior to his detention; and it is further

ORDERED that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

ORDERED that Respondents are PERMANENTLY ENJOINED from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

4

ORDERED that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall **CLOSE** this case.

Hon. Karen M. Williams,
United States District Judge

5